

AN INTERNATIONAL ORGANIZATION DEDICATED TO PROTECTING THE RIGHTS OF ALL ANIMALS

PEOPLE FOR
THE ETHICAL
TREATMENT
OF ANIMALS
FOUNDATION

Washington
1536 16th St. N.W.
Washington, DC 20036
202-483-PETA

Los Angeles
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-644-PETA

Norfolk
501 Front St.
Norfolk, VA 23510
757-622-PETA

PETA FOUNDATION IS AN
OPERATING NAME OF FOUNDATION
TO SUPPORT ANIMAL PROTECTION.

AFFILIATES:
• PETA U.S.
• PETA Asia
• PETA India
• PETA France
• PETA Australia
• PETA Germany
• PETA Netherlands
• PETA Foundation (U.K.)

October 23, 2020

*Via ECF*

Susan Gram
Case Manager to the Honorable Judge George C. Hanks, Jr.
United States Courthouse
515 Rusk Street, Room 5300
Houston, TX 77002

    Re:    *People for the Ethical Treatment of Animals, Inc. v. Michael K. Young*, Civil Action No. 4:20-CV-02913

Dear Ms. Gram:

    Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA") respectfully submits this response to Defendant Michael K. Young's pre-motion conference letter pursuant to this Court's procedures. For the reasons stated below, PETA intends to oppose Defendant's proposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

    Defendant would argue that there is no "ongoing violation" of federal law and therefore, sovereign immunity precludes this action. ECF No. 11 at 3 (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985) and *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). This misconstrues both the pleadings and the law. In *Green*, the Court "granted certiorari to resolve a conflict in the Circuits over whether federal courts may . . . issue a declaratory judgment that state officials violated federal law in the past when there is no ongoing violation of federal law." 474 U.S. at 67. The Court abrogated the Circuits that had "allowed notice relief *even though changes in state policy or federal law rendered moot any claim for injunctive relief stopping ongoing violations of federal law.*" *Id.* at 67-68 (emphasis added). The *Green* petitioners conceded "that any claim they might have had for the specific type of injunctive relief approved in *Ex parte Young* was rendered moot by the amendments" to the federal program giving rise to their injury. *Id.* at 68-69. Because the program at issue had been amended and the claim mooted, there was no "threat of state officials violating the repealed law in the future." *Id.* at 73. The Court acknowledged that there remained "a dispute about the lawfulness of respondent's past actions, but the Eleventh Amendment would prohibit the *award of*

*money damages or restitution* if that dispute were resolved in favor of petitioners." *Id.* (emphasis added). The Court declined to issue a declaratory judgment because such a judgment could be used in further state court proceedings as *res judicata* on the issue of the state's liability, which "would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." *Id.* In short, *Green* was not a case that presented a claim falling under the *Ex parte Young* exception to 11th Amendment sovereign immunity.

In *Verizon Md., Inc.*, the other case cited by Defendant Young, the petitioner "sought injunctive and declaratory relief, alleging that the Commission's order requiring payment of reciprocal compensation was pre-empted by the 1996 [Telecommunications] Act and an FCC ruling. The prayer for injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling federal law" clearly satisfied the Court's "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." 535 U.S. at 645. The petitioner did not seek retrospective relief for money damages or restitution—because it sought only a declaration that the Commission's order was in conflict with controlling federal law and an injunction barring the Commission from enforcing that order, its claim fell squarely within the *Ex parte Young* doctrine.

PETA's claim alleges that Defendant violated its First Amendment rights by barring its content and viewpoint from a public forum, and it seeks only declaratory and prospective injunctive relief against Defendant acting in his official capacity. Therefore, its claim falls well within the *Ex parte Young* exception to 11th Amendment sovereign immunity.

Further, PETA's injury-in-fact is sufficiently concrete and particularized to give it standing to bring this Section 1983 claim. PETA alleges that its comments were deleted from a public forum because of viewpoint-, content-, and speaker-based discrimination by the Defendant in violation of the First Amendment. Its injury was concrete and particularized at the moment of deletion. There is nothing ephemeral, inchoate, or speculative about PETA's injury. Furthermore, the injury of exclusion from the public forum is ongoing; Defendant has presented no evidence that it has rescinded the ban or restored the content PETA posted. Moreover, PETA's injury is the same as has been recognized—and remedied—in federal courts across the country. *See, e.g.*, *Robinson v. Hunt Co., Tex.*, 921 F.3d 440, 447-48 (5th Cir. 2019) (assuming that the Facebook page of a sheriff's office is a First Amendment forum and holding that plaintiff had plead a constitutional violation of viewpoint discrimination for deleting comments and banning plaintiff); *Davison v. Randall*, 912 F.3d 666, 688 (4th Cir. 2019) ("In sum, the interactive component of the [County School Board] Chair's Facebook Page constituted a public forum, and [defendant] engaged in unconstitutional viewpoint discrimination when she banned [plaintiff's Facebook page] from that forum."); *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 239 (2d Cir. 2019) (holding that "the President

violated the First Amendment when he used the blocking function to exclude the Individual Plaintiffs because of their disfavored speech"), *rehearing* en banc *den'd*, 953 F.3d 216 (2d Cir. 2019).

Finally, Defendant appears to challenge the scope of a permanent injunction that the Court has yet to issue. The cases cited by Defendant involved challenges to the scope and specificity of injunctions on appeal, after they had issued from the district courts. *See U.S. Steel Corp. v. United Mine Workers of Am.*, 519 F.2d 1236 (5th Cir. 1975); *Scott v. Schedler*, 826 F.3d 207 (5th Cir. 2016). Federal Rule of Civil Procedure 65(d) is directed to the content of the Court's injunction, not of the Plaintiff's Complaint. To the contrary, the Rule requires that the injunction "describe in reasonable detail—and *not by referring to the complaint or other document*—the act or acts restrained or required." *Id.* (emphasis added). Defendant's objection to the relief sought is simply premature. It is of no moment that Defendant claims not to understand what is meant by a prayer for relief that it no longer engage in viewpoint discrimination; PETA's Complaint plainly demands access to the public forum, and the precise terms of the permanent injunctive relief it seeks have yet to be fashioned by the Court. At this motion to dismiss stage, the Complaint has provided sufficient notice and due process to the Defendant that it knows, or reasonably should know, exactly what is at issue in this litigation.

Respectfully submitted,

*/s/ Gabriel Walters*
Gabriel Walters
PETA Foundation
1536 16th Street NW
Washington, DC 20036
(202) 483-7382
gabew@petaf.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all counsel of record.

>/s/ Gabriel Walters<u></u>
>Gabriel Walters