United States District Court
Southern District of Texas
**ENTERED**
August 13, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | § § § § § | |
| Plaintiff. | | |
| VS. | § § | CIVIL ACTION NO. 4:20-cv-2913 |
| M. KATHERINE BANKS, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

People for the Ethical Treatment of Animals, Inc. ("PETA") filed this lawsuit against Michael K. Young ("Young") in his official capacity as the President of Texas A&M University ("TAMU") for allegedly violating PETA's freedom of speech under the First Amendment to the United States Constitution.[1] PETA's Complaint for Declaratory and Injunctive Relief ("Complaint") asserts a single cause of action for deprivation of its First Amendment rights. As far as remedies are concerned, PETA seeks a declaratory judgment that TAMU's censoring of speech is unconstitutional, and an injunction prohibiting TAMU from engaging in viewpoint discrimination in the future.

Presently before me is a motion to dismiss the Complaint. *See* Dkt. 16. In that motion, Banks has moved to dismiss the Complaint for three independent reasons. First, Banks claims that PETA has failed to allege an ongoing injury sufficient to invoke the *Ex Parte Young* exception to sovereign immunity. Second, Banks contends that PETA has failed to allege a certainly impending injury sufficient to confer standing. Third, Banks argues that PETA seeks an impermissible obey-the-law injunction.

---

[1] Effective June 1, 2021, M. Katherine Banks ("Banks") took the helm as the 26th President of TAMU. Pursuant to Federal Rule of Civil Procedure 25(d), Banks is automatically substituted for Young.

I have carefully reviewed the briefing on the motion to dismiss, analyzed the applicable case law, and heard oral argument from the parties. I want to briefly focus on the sovereign immunity issue. "[T]he principle of state-sovereign immunity generally precludes actions against state officers in their official capacities, subject to an established exception: the *Ex parte Young* doctrine." *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (citation omitted). Under the *Ex parte Young* exception, "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). "In determining whether the doctrine of *Ex parte Young*" applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (cleaned up). The Fifth Circuit has held that the operative complaint must "allege that the defendant *is violating* federal law, not simply that the defendant has done so." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015).

Banks argues that the Complaint is "devoid of plausible facts showing that the University is engaged in any ongoing wrongful conduct" because "the only factual allegations in the complaint pertain to the May 2020 graduation events." Dkt. 16 at 6. PETA contends that it has properly pled that TAMU's allegedly wrongful conduct is ongoing. At oral argument, PETA's counsel, while maintaining that the Complaint sufficiently alleges ongoing constitutional violations, asked for the opportunity to replead to make the allegation more clear. Given that the district court's decision on the motion to dismiss will be subject to immediate appellate review no matter how decided,[2] I think the most prudent course is to allow PETA

---

[2] In the event the motion to dismiss is granted, PETA will be able to appeal that decision immediately to the Fifth Circuit. If the motion to dismiss is denied, Banks will be allowed to file an interlocutory appeal to the Fifth Circuit. *See Haverkamp v. Linthicum*, --- F.4th ---, 2021 WL 3237233, at *4 (5th Cir. July 30, 2021) ("The denial of Eleventh Amendment

to amend its complaint once again to bolster its allegations of an ongoing violation of the United States Constitution. PETA shall file a Second Amended Complaint by September 10, 2021. Banks may file a motion to dismiss the Second Amended Complaint without the need to file a pre-motion letter as local procedure usually requires. The motion to dismiss should be filed by October 8, 2021. A response to the motion to dismiss must be filed by October 29, 2021. A reply in support of the motion to dismiss must be filed by November 5, 2021. This will be the last time PETA is given an opportunity to amend. Once the motion to dismiss briefing is complete, I will be able to determine, once and for all, whether PETA has sufficiently alleged an ongoing violation of the federal Constitution. Because I am giving PETA an opportunity to replead, I recommend that the Motion to Dismiss (Dkt. 16) be **DENIED AS MOOT**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 13th day of August 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

sovereign immunity, though interlocutory, is immediately appealable under the collateral order doctrine.").