UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,**<br><br>　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**M. KATHERINE BANKS,**<br><br>　　　　　　　　**Defendant.** | Civil Action No. 4:20-cv-02913 |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

　　The Supreme Court's recent decision in *Whole Woman's Health v. Jackson* confirms that the President of TAMU, by virtue of her authority over all the university's policies and practices, is a proper defendant in this lawsuit. *See* No. 21-463, 2021 WL 5855551 (U.S. Dec. 10, 2021). *WWH* reaffirmed that a state official need only have some enforcement authority to be a proper defendant under *Ex parte Young*. *Id*. at *5 (citing 209 U.S. 123, 159-60 (1908)). The Court held that plaintiffs challenging Texas' anti-abortion law could not sue state court judges and clerks, who "do not enforce state laws as executive officials might," but the plaintiffs could sue state licensing officials, who do "possess authority to enforce a challenged state law." *WWH*, 2021 WL 5855551 at *5, *8-9. Indeed, Justice Thomas dissented from the latter finding of jurisdiction because he "suggests that the licensing-official defendants lack authority to enforce [the challenged law]." *Id*. at *9. The justices agreed that enforcement authority is the requirement for a defendant under *Young* and only disagreed about whether that authority existed. Here, PETA alleges that the President of TAMU "has authority over all TAMU policies and practices," which

is a reasonable factual assertion that must be accepted as true at this stage of the litigation.[1] *See* First Am. Compl. (FAC) at ¶ 5; *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) ("'The fact that the state officer, by virtue of [her] office, has some connection with the enforcement of the act, is the important and material *fact.*'") (quoting *Young*, 209 U.S. at 157) (emphasis added).

While *WWH*'s reaffirmation of *Young* is directly relevant to TAMU's motion to dismiss, *WWH*'s discussion of a pre-enforcement challenge based on a "chilling effect," which TAMU focuses on in its reply brief, is irrelevant. *See* Reply at 4. PETA's challenge is not based on a chilling effect. PETA alleges direct, ongoing injuries to its First Amendment rights by TAMU's censorship and failure to restore the comments it deleted. FAC at ¶¶ 60-85. Unlike Texas' novel anti-abortion law that remains unenforced, TAMU's viewpoint discrimination against PETA's longstanding animal rights campaign is continuing for its fifth year. *Id.* at ¶¶ 51-54, 60-83.

Dated: January 4, 2022

Respectfully submitted,

*/s/ Christoher W. Rothfelder*
CHRISTOPHER W. ROTHFELDER
Texas State Bar No. 2408470
Southern District I.D. 2449594
crothfelder@rothfelderfalick.com
Rothfelder & Falick, L.L.P.
1201 Louisiana St., Suite 550
Houston, TX 77002
713.220.2288 telephone

Local Counsel and Attorney-In-Charge for Plaintiff People for the Ethical Treatment of Animals, Inc.

---

[1] This Court should not credit TAMU's new argument that PETA's allegation is an unsupported legal conclusion. *See* Def. Rep. in Supp. of Mot. to Dismiss (Reply) at 3.

OF COUNSEL:

MUKUND RATHI*
California Bar No. 330622
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415.436.9333 telephone
415.436.9993 facsimile
mukund@eff.org

DAVID GREENE*
California Bar No. 160107
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415.436.9333 telephone
415.436.9993 facsimile
davidg@eff.org

NAOMI GILENS*
California Bar No. 315813
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415.436.9333 telephone
415.436.9993 facsimile
naomi@eff.org

*Admitted *pro hac vice*

Attorneys for Plaintiff
People for the Ethical Treatment of
Animals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via Electronic Delivery on this the 4th day of January, 2022.

*/s/ Christoher W. Rothfelder*
CHRISTOPHER W. ROTHFELDER