IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., *Plaintiff,* § § § § | | |
| v. | § § § § § | CIVIL ACTION NO. 4:20-CV-02913 |
| M. KATHERINE BANKS, *Defendant.* | | |

## DEFENDANT'S ADVISORY TO THE COURT

Defendant writes to advise the Court of the Fifth Circuit's recent decision in *Richardson v. Flores*, No. 20-50774, 2022 WL 795859 (5th Cir. Mar. 16, 2022). This decision is relevant to Defendant's argument that Plaintiff's claim is barred by sovereign immunity as M. Katherine Banks lacks the required enforcement connection to the acts challenged here.

In *Richardson*, the "[p]laintiffs challenged Texas's system for verifying the signatures on mail-in ballots."[1] The plaintiffs sued the Texas Secretary of State,[2] who is "the chief election officer of the state."[3] Even though the plaintiffs sued the highest-ranking statewide election officer, the Fifth Circuit found that the plaintiffs' claims were barred by sovereign immunity.[4]

The issue was whether the Texas Secretary of State had a sufficient enforcement connection to the challenged election laws for *Ex parte Young* purposes. The Court explained that "the Secretary's broad duties to oversee administration of Texas's election laws" did not

---

[1] *Id.* at *1.
[2] *Id.*
[3] TEX. ELEC. CODE § 31.001(a).
[4] *Richardson*, 2022 WL 795859, at *1.

1

establish the required enforcement connection.[5] The Court continued: "More is needed—namely, a showing of the Secretary's 'connection to the enforcement of the particular statutory provision that is the subject of the litigation.'"[6]

Writing in dissent, Judge Higginbotham expressed concern about "the Court's [continuing] effort to shrink the role of *Ex parte Young*."[7] Judge Higginbotham noted that the Secretary of State is: (1) the chief election officer of the state; (2) statutorily instructed to "obtain and maintain uniformity in the application, operation, and interpretation of [the Election Code]; and (3) charged to "take appropriate action to protect the voting rights of the citizens of this state from abuse by the authorities administering the state's electoral process and to correct offending conduct."[8] Judge Higginbotham reasoned that the plaintiffs were alleging that the Secretary of State was failing in these duties, and that this charge "should satisfy our *Ex parte Young* inquiry."[9] The majority rejected Judge Higginbotham's argument.

*Richardson* is instructive here. Plaintiff sued M. Katherine Banks, Texas A&M University ("TAMU's") President. Plaintiff argued that "by virtue of [President Bank's] office, she has some connection with the enforcement of TAMU's viewpoint discrimination against PETA . . . ."[10] In *Richardson*, the Texas Secretary of State's broad duties over the oversight and administration of Texas's election laws did not make him the enforcement officer for every statewide election law.[11] So too here. President Bank's general duties as TAMU's highest

---

[5] *Id.* at *3.
[6] *Id.* (quoting *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 180 (5th Cir. 2020)).
[7] *Id.* at *4 (Higginbotham, J., dissenting).
[8] *Id.* (quotations omitted).
[9] *Id.*
[10] ECF 48, 15 (quotations omitted).
[11] *See Richardson*, 2022 WL 795859, at *3; *see also Haverkamp v. Linthicum*, 6. F.4th 662, 665 (per curiam).

ranking official does not show that she deleted Plaintiff's social media comments or otherwise "enforced" TAMU's social media policy in any meaningful sense. Plaintiff was required to show a more particular enforcement connection between President Banks and the challenged acts, which it has not done.

  We thank the Court for its time and attention to this matter.

Date: March 24, 2022.       Respectfully submitted.

                KEN PAXTON
                Attorney General of Texas

                BRENT WEBSTER
                First Assistant Attorney General

                GRANT DORFMAN
                Deputy First Assistant Attorney General

                SHAWN COWLES
                Deputy Attorney General for Civil Litigation

                CHRISTOPHER HILTON
                Chief for General Litigation Division

                */s/ Todd Dickerson*
                TODD DICKERSON
                Attorney-in-Charge
                Assistant Attorney General
                Texas Bar No. 24118368
                So. District No. 3544329
                General Litigation Division
                P.O. Box 12548, Capitol Station
                Austin, Texas 78711-2548
                (512) 463-2120 | FAX: (512) 320-0667
                Todd.Dickerson@oag.texas.gov

                **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this foregoing motion has been served on all parties of record by electronic notification through ECF by the United States District Court for the Southern District of Texas, Houston Division, on March 24, 2022.

/s/ Todd Dickerson
TODD DICKERSON
Assistant Attorney General