UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> M. KATHERINE BANKS, <br><br> Defendant. | Civil Action No. 4:20-cv-02913 |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S ADVISORY

The Fifth Circuit's recent decision in *Richardson v. Flores*, No. 20-50774, 2022 WL 795859 (5th Cir. Mar. 16, 2022), supports PETA's argument that the President of TAMU, who has universal authority over all TAMU policies and practices, is a proper defendant under *Ex parte Young*. *See* First Am. Compl. (FAC) at ¶ 5.

*Richardson* addressed a statute which specifically limited the defendant's duties and specifically assigned the enforcement role to someone else. The Fifth Circuit held that the Texas Secretary of State was not a proper *Young* defendant because he had *no* enforcement power over the challenged mail-in ballot verification scheme. 2022 WL 795859 at *3-4. The statute in question put a step-by-step ballot verification process "in the hands of location election officials," giving the Secretary "no enforcement role." *Id*. at *1-2. Moreover, "[n]one of the general duties" by the Secretary to enforce laws were relevant because "the Texas Election Code delineates between the authority of the Secretary of State and local officials." *Id*. at *3. For this reason, the Fifth Circuit concluded that "'[w]here a state actor or agency is statutorily tasked with enforcing the challenged

law and a different official is the named defendant, our *Young* analysis ends.'" *Id.* at \*2 (quoting *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019)). Judge Higginbotham dissented because he disagreed that the Election Code's delineation excluded the Secretary's enforcement power over the verification scheme. *Id.* at \*4 (Higginbotham, J., dissenting).

Unlike the Texas Secretary of State in *Richardson*, the President of TAMU has universal authority over TAMU policies and practices, including the authority to stop TAMU's ongoing viewpoint discrimination and remedy PETA's injuries. FAC at ¶ 5. Therefore, she has "'connection to the enforcement of the particular [university policy and practice] that is the subject of the litigation.'" *Richardson*, 2022 WL 795859 at \*3 (quoting *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020)).

Neither *Richardson* nor any other case supports TAMU's assertion that the President of TAMU must have personally "deleted Plaintiff's social media comments." *See* Advisory at 3. The Fifth Circuit's reason for denying *Young* jurisdiction over the Secretary was not that the Secretary did not personally reject specific mail-in ballots. *Richardson*, 2022 WL 795859 at \*3.

Moreover, the President of TAMU has specific connections to TAMU's viewpoint discrimination against PETA. PETA settled the previous lawsuit on TAMU's viewpoint discrimination with the President of TAMU's predecessor, whose attorney's signature is on the settlement. FAC at ¶¶ 55-59. And it is more than plausible to infer that the President of TAMU oversees TAMU's viewpoint discrimination against PETA's longstanding advocacy campaign at major university events against TAMU's experiments on dogs, which are part of TAMU's unique and "extensive record of scientific research funded through U.S. government grants and organizations." FAC at ¶¶ 5, 48-54. The President of TAMU is a proper *Young* defendant, unlike

the Secretary in *Richardson*, because she has enforcement powers over TAMU's viewpoint discrimination against PETA at both a general and specific level.

Dated: March 30, 2022

    Respectfully submitted,

    */s/ Christopher W. Rothfelder*
    CHRISTOPHER W. ROTHFELDER
    Texas State Bar No. 2408470
    Southern District I.D. 2449594
    crothfelder@rothfelderfalick.com
    Rothfelder & Falick, L.L.P.
    1201 Louisiana St., Suite 550
    Houston, TX 77002
    713.220.2288 telephone

    Local Counsel and Attorney-In-Charge for Plaintiff People for the Ethical Treatment of Animals, Inc.

    OF COUNSEL:

    MUKUND RATHI*
    California Bar No. 330622
    Electronic Frontier Foundation
    815 Eddy Street
    San Francisco, CA 94109
    415.436.9333 telephone
    415.436.9993 facsimile
    mukund@eff.org

    DAVID GREENE*
    California Bar No. 160107
    Electronic Frontier Foundation
    815 Eddy Street
    San Francisco, CA 94109
    415.436.9333 telephone
    415.436.9993 facsimile
    davidg@eff.org

NAOMI GILENS*  
California Bar No. 315813  
Electronic Frontier Foundation  
815 Eddy Street  
San Francisco, CA 94109  
415.436.9333 telephone  
415.436.9993 facsimile  
naomi@eff.org

*Admitted *pro hac vice*

Attorneys for Plaintiff People for the Ethical Treatment of Animals, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via Electronic Delivery on this the 31st day of March, 2022.

*/s/ Christopher W. Rothfelder*  
Christopher W. Rothfelder